1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7

8    TRACY S. SMITH,                              No. C 12-5106 SI (pr)

9            Plaintiff,                           **ORDER OF DISMISSAL**

10        v.

11   PATRICK RENWORTH,
     Assistant Public Defender of
12   Santa Clara County; et al.,

13           Defendants.
     _____/
14

15                              **INTRODUCTION**

16        Tracy S. Smith, currently an inmate at Mule Creek State Prison, filed a *pro se* civil rights

17   complaint under 42 U.S.C. § 1983. His complaint is now before the court for review under 28

18   U.S.C. § 1915A.

19

20                              **BACKGROUND**

21        This civil rights action stems from the use of a federal conviction for sentence

22   enhancement purposes in later state court criminal proceedings.

23        Smith entered a plea agreement in 1991 in federal court in *United States v. Tracy Shelly*

24   *Smith*, No. CR 91-20206 JW, in a case in which he had been charged with three counts of

25   unarmed bank robbery and five counts of bank robbery. *See* Docket # 1-3. The docket for that

26   case indicates he received a thirty month sentence followed by five years of supervised release.

27   In 1995, he was indicted in Santa Clara County Superior Court for nine counts of robbery and

28   attempted robbery (all of which allegedly took place at financial institutions) and was alleged

     to have suffered many prior convictions. *See* Docket # 1-2. He eventually was convicted and

United States District Court
For the Northern District of California

sentenced on May 17, 1999 to 25 years to life in prison.  *See* Docket # 1-5.  He also was convicted of second degree robbery in San Mateo County Superior Court in 1996, and was sentenced to 25 years to life in prison on August 27, 1996.  *See* Docket # 1-4.  The abstract of judgment in the San Mateo County Superior Court case stated that the sentence was to be served consecutive to the term imposed by Santa Clara County Superior Court.  *Id.*

In his federal civil rights complaint, Smith sues the public defenders, prosecutors, and judges from his two state court criminal cases, as well as the prosecutor from the federal criminal case.  He alleges that the state public defenders, prosecutors, and judges violated his constitutional rights during those criminal prosecutions.  Smith alleges that his plea agreement in the federal criminal case was breached by the use of the federal conviction for sentence enhancement purposes in the state court criminal cases.  For relief, he asks that the court "issu[e] a federal order directing the state court to resentence plaintiff" without using the prior federal conviction for sentence enhancement purposes, "and/or pay Plaintiff the sum of $3 million dollars for the breach and violation of his civil rights."  Docket # 1-1, pp. 7, 8.

The federal defendant in this action is Leo P. Cunningham, the Assistant United States Attorney who allegedly drafted the plea agreement that Smith entered into in federal court.  *See* Docket # 1-1, pp. 5-6.  Smith claims that the federal prosecutor was alerted to the allegedly improper use of the federal conviction for sentence enhancement purposes in state court and therefore had a duty "to 'secure' the breach by the state court-officials."  *Id.* at 7.  He further alleges that the federal prosecutor had a duty to compel "specific performance" by the state officials to honor the plea agreement.  *Id.*

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.*

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

at § 1915A(b).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Generally, a plaintiff may not obtain damages in a § 1983 action for alleged constitutional violations in connection with his criminal trial as long as the conviction remains in place.  *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful.  *See id.* at 486-87.  A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus.  *See id.*  The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid.  The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action for damages; the decision must have been successfully attacked *before* the civil rights action for damages is filed.  The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  That *Heck* applies to both damages and equitable relief was further clarified in *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  Whether the *Heck* rule applies requires one to consider whether success in the § 1983 action would "necessarily demonstrate the invalidity of the confinement or its duration." *Id.* at 82.  If so, the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside.

Smith claims that defendants violated his constitutional rights at his trial and during sentencing proceedings by using the prior federal conviction for sentence enhancement purposes.

United States District Court
For the Northern District of California

Smith's claims against the state actors are squarely within the *Heck* rule because success on them would call into question the validity of his conviction and sentence from the Santa Clara County Superior Court as well as his conviction and sentence from the San Mateo County Superior Court. The claims must be dismissed.

The claim against the federal prosecutor also is barred by *Heck* because success on that claim – i.e., that the federal prosecutor had a duty to make the state officials resentence Smith – would call into question the validity of the state court sentence because the existence of the duty is premised on the state sentences being impermissible.  Even if the claim against the federal prosecutor was not barred by *Heck*, it would have to be dismissed as patently meritless. Smith alleges that his "entire (whole) understanding (according to the Plea Agreement) was and is contained in the writing of his contract – Plea Agreement."  Docket # 1-1, p. 6.  That written plea agreement plainly has no promise that the conviction will never be used for sentence enhancement purposes in later cases, notwithstanding Smith's assertion that the agreement provided that he would not suffer any adverse consequences not agreed to in writing.  The agreement attached to and incorporated into the complaint shows his breach claim to be factually meritless.  Finally, the silence of the plea agreement with regard to the possibility that the conviction could be used for later sentence enhancement purposes does not give rise to a claim because there is no duty to advise the pleading defendant of a collateral consequence such as the possibility of a sentence enhancement based on the guilty plea. *See United States v. Garrett*, 680 F.2d 64, 65-66 (9th Cir. 1982).  In other words, the plea agreement did not preclude the later use of the conviction, and the plea is not defective for failing to inform Smith that the conviction could later be used in later cases for sentence enhancement purposes.

If plaintiff wishes to challenge his state court convictions or sentences, he may file a petition for writ of habeas corpus to assert such a challenge.  Before he may file a federal habeas petition for writ of habeas corpus, however, he must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b)(1)(A),(c); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

# CONCLUSION

For the foregoing reasons, this action is DISMISSED without prejudice to plaintiff filing a new civil rights action if his criminal conviction or sentence is ever set aside. The clerk shall close the file.

IT IS SO ORDERED.

Dated: February 11, 2013

SUSAN ILLSTON
United States District Judge

5